UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2611(DSD/FLN)

Robert Kaiser, an individual,
and Karla Hill-Kaiser, an
individual,

Plaintiffs,

v.                                                      **ORDER**

ABN AMRO Mortgage Group, Inc.,
a Delaware corporation,
CitiMortgage, Inc., a New York
corporation, Federal Home Loan
Mortgage Corporation, ABC
Corporation, and also all other
persons unknown claiming any
right, title, estate, interest,
or lien in the real estate
described in the complaint herein,

Defendants.


Erich J.S. Hartmann, Esq., Jesse H. Kibort, Esq. and
Daniels & Kibort, PLLC, 14225 Highway 55, Plymouth, MN
55447, counsel for plaintiffs.

Kevin T. Dobie, Esq., Gerald G. Workinger, Jr. and Usset,
Weingarden & Liebo, PLLP, 4500 Park Glen Road, Suite 300,
Minneapolis, MN 55416, counsel for defendants.


This matter is before the court upon the motion to dismiss by

defendants Federal Home Loan Mortgage Corporation (Freddie Mac),

CitiMortgage, Inc. (CitiMortgage) and ABN AMRO Mortgage Group, Inc.

(ABN) (collectively, defendants).  Based on a review of the file,

record and proceedings herein, and for the following reasons, the

court grants the motion.

**BACKGROUND**

This mortgage dispute arises out of the foreclosure on property owned by plaintiffs Robert Kaiser and Karla Hill-Kaiser (collectively, plaintiffs).  On September 29, 2003, plaintiffs and ABN executed a note and mortgage for property located at 16908 Leyte Street N.E., Ham Lake, Minnesota.  Ver. Compl. ¶¶ 1, 8-9. The mortgage was recorded by the Anoka County Recorder (Anoka County) on September 30, 2003.  Weingarden Decl. Ex. B, at 9.  On September 1, 2007, ABN merged into CitiMortgage.  See id. Ex. C, at 5.  CitiMortgage filed a certificate of merger with Anoka County on April 28, 2010.  See id. at 8.

Plaintiffs defaulted on their mortgage, and CitiMortgage initiated non-judicial foreclosure proceedings.  See id. Ex. D. CitiMortgage purchased the property at the May 29, 2013, foreclosure sale.  See id. Ex. F, at 2.  Plaintiffs did not redeem the property during the redemption period, and CitiMortgage conveyed the property to Freddie Mac on July 18, 2013.  See id. Ex. G.  That conveyance was recorded with Anoka County on July 26, 2013.  See id.

On August 30, 2013, plaintiffs filed this action in Minnesota court, alleging claims for violations of Minnesota Statutes

§§ 580.02 and 580.04.[1]   Defendants timely removed and move to dismiss.

## DISCUSSION

### I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

_____

[1] In addition, plaintiffs originally pleaded claims (1) for a violation of Minnesota Statutes § 58.04, (2) for negligent and constructive misrepresentation and (3) under Minnesota's Private Attorney General statute.  Plaintiffs waived such claims at oral argument.  As a result, dismissal is warranted as to those claims.

The court does not consider matters outside the pleadings under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d).  The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings."  See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and internal quotation marks omitted).  In this case, the note, mortgage documents, certificate of merger and recorded conveyances are matters of public record and are properly considered.

## II. Minnesota Statutes § 580.02

In Minnesota, "any mortgage of real estate containing a power of sale, upon default being made in any condition thereof, may be foreclosed by advertisement."  Minn. Stat. § 580.01.  Several requirements must be met before a party may foreclose by advertisement, including that the mortgage and any assignments must have been recorded.  Id. § 580.02.  Plaintiffs argue that the foreclosure was invalid because there were unrecorded assignments of the mortgage.  Specifically, plaintiffs allege that "upon information and belief ... between the [m]ortgage [l]oan closing and the [foreclosure], [p]laintiffs' [m]ortgage was assigned numerous times to several different entities."  Ver. Compl. ¶ 38. Further, plaintiffs allege that "upon information and belief ...

ABN, Citi[Mortgage], and Freddie Mac, failed to record the [m]ortgage each and every time the [m]ortgage was assigned." <u>Id.</u> ¶ 14.

Plaintiffs also argue that there is an unrecorded assignment, as demonstrated by the discrepancy between the October 22, 2012, notice of pendency, which lists ABN as the mortgagee, and the October 29, 2012, notice of mortgage foreclosure sale, which lists CitiMortgage as the mortgagee. <u>See</u> Weingarden Decl. Exs. D-E. That argument is unavailing. The notice of pendency - though it listed ABN as the mortgagee - was signed by CitiMortgage, "as successor in interest by merger to ABN." <u>Id.</u> Ex. D, at 2. Indeed, as already explained, ABN merged into CitiMortgage in 2007, as evidenced by the duly-filed certificate of merger. <u>See</u> <u>id.</u> Ex. C, at 8. As a result, the difference between the two notices identified by plaintiffs does not indicate the existence of an unrecorded assignment.

Moreover, the additional allegations "upon information and belief" fail, as they are entirely speculative, not adequately pleaded under <u>Iqbal</u> and <u>Twombly</u> and wholly insufficient to state a claim. In other words, "the plaintiff[s'] pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation" that there were unrecorded assignments. <u>Karnatcheva v. JPMorgan Chase Bank, N.A.</u>, 704 F.3d

5

545, 548 (8th Cir. 2013) (citations omitted), <u>cert. denied</u> 134 S. Ct. 72 (2013).  As a result, plaintiffs have not adequately pleaded a claim under § 580.02, and dismissal of that claim is warranted.

**III.  Minnesota Statutes § 580.04**

Plaintiffs next allege a claim under Minnesota Statutes § 580.04.  That section requires that each foreclosure by advertisement notice include "the name of the mortgagor, the mortgagee, [and any] assignee of the mortgage."  Minn. Stat. § 580.04(1).  Plaintiffs again allege that there were unrecorded assignments and that the notice of foreclosure did not list any assignees.  As already explained, however, plaintiffs have not adequately pleaded any facts suggesting that there were unrecorded assignments of the mortgage.  As a result, the § 580.04 claim also fails, and dismissal is warranted.

CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 5] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 10, 2014

s/David S. Doty<br>David S. Doty, Judge<br>United States District Court